## BOWEN v. HOME BENEFICIAL LIFE INS. CO., Incorporated.

### No. 6081.

United States Court of Appeals
Fourth Circuit.

Argued June 15, 1950.

Decided June 26, 1950.

Jacob V. Bowen, pro se.

Richmond Moore, Jr., Richmond, Va., (Tucker, Mays, Cabell & Moore, Richmond, Va., on brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and WYCHE, District Judge.

## PER CURIAM.

Jacob V. Bowen satisfactorily completed his period of service and training under the Selective Service and Training Act of 1940, and within ninety days thereafter, during the week of February 18, 1946, made application for reemployment with Home Beneficial Life Insurance Company, Inc., as was his right under Section 8 of the Act as amended, 50 U.S.C.A.Appendix, § 308. The Company offered him reemployment upon certain conditions which he deemed unsatisfactory, and this suit ensued. Section 8(b) of the Act requires a private employer to restore a returned veteran to the position which he occupied when he entered the armed services or "to a position of like seniority, status, and pay." The question at issue is whether the position offered the veteran was a position of like seniority, status and pay

to that which he formerly occupied. The District Judge, who tried the case without a jury, found for the defendant and this appeal followed.

The case was submitted to us on the findings of fact of the District Judge which clearly show that the employer complied with the statute, and that the suit was properly dismissed.

At the time of his induction in the army, the plaintiff was employed by the Insurance Company as an industrial and ordinary insurance agent, and was compensated by commissions on premiums collected on industrial policies and commissions on the sale of industrial and ordinary insurance policies. Consequently his earnings fluctuated from year to year. In the prosecution of his work as an industrial life insurance agent he was employed upon a debit, that is, a group of industrial life insurance policies which were assigned to him for collection and servicing. The policies in the debit were constantly changing due to the lapse of old policies and the addition of new ones. There were no geographical or other limitations on the size or constituency of the debit or upon the residence of the policy holders, and the company reserved the right in its discretion to transfer industrial policies from one debit to another. Thus the plaintiff prior to his induction did not enjoy the right to an exclusive sales territory or the exclusive right to make new sales to policy holders who were included in his debit. In the twelve months prior to his induction he earned $3982.66 or a weekly average of $72.83 through commissions on collections, amounting to $2762.63, commissions on new industrial policies amounting to $1024.30, and commissions on ordinary life policies amounting to $195.73. During the absence of the veteran in his service in the armed forces the debit formerly assigned to him was increased from the weekly sum of $297.10 to $351.24, by reason of new policies sold by other agents, and the collection commissions increased from $51.99 to $61.47 per week.

During the same period 154 of the policies lapsed and 260 new policies were added to the debit. Consequently it was impossible for the company to give the veteran reemployment identical in every respect to that held by him before he entered the armed services. In this situation the company offered him the following: (a) an unconditional weekly salary of $50; (b) a guaranteed drawing account of $20; and (c) renewal commissions of $1.28 per week on ordinary policies previously sold by the plaintiff and still in effect. Thus he was offered an unconditional guaranteed compensation of $71.28 per week or $3706.56 per year. The plaintiff rejected this offer and claimed that he was entitled to have restored to him the same debit upon which he worked when he entered the army and he contends that this assignment would have been valuable to him since he was acquainted with the policy holders included in the debit and would have been able to earn substantial sums in commissions on the sale of new policies through his weekly contacts in making collections from the policy holders.

It is obvious, however, from what has already been said, that the restoration of the same debit to the veteran was impossible because of the changes therein which had taken place during his absence; and it is equally obvious that the advantages which were involved in the new employment offered him were equivalent to or better than those involved in the position which he formerly occupied. No restrictions were placed upon him in respect to the solicitation and sale of any industrial and ordinary life insurance policies. His privileges in this respect were the same as those which he enjoyed prior to his military service. In addition the new employment would have conferred upon him new privileges which did not exist when he entered the armed services. He could not lose collection and other commissions by reason of lapses in his old debit. He would not suffer the risk of reduced weekly collection commissions by failure to make collections from all of the policy holders on the debit. Moreover, he would be free to devote all of his time to the solicitation and sale of new insurance policies at profitable commission rates and would have been relieved of the ne-

cessity of spending three to three and a half days per week in collecting weekly premiums at the less profitable commissions applicable thereto. The offer would not have necessitated any change in the locality of his sales, his residence or any alteration in his living or domestic arrangements.

The judgment of the District Court is accordingly

Affirmed.